# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SCP DISTRIBUTORS LLC and
SUPERIOR POOL PRODUCTS LLC,

      Plaintiffs,

v.                                                      Case No:   6:24-cv-1413-CEM-LHP

MAURO ZELAYA,

      Defendant

_____

## ORDER

Before the Court is Plaintiffs' Motion for Entry of Final Default Judgment and Incorporated Memorandum of Law.  Doc. No. 23.  The matter has been referred to the undersigned and is ripe for review.  For the reasons discussed herein, the motion (Doc. No. 23) will be **DENIED without prejudice.**

**I.   BACKGROUND.**

On August 1, 2024, Plaintiffs SCP Distributors LLC ("SCP Distributors") and Superior Pool Products LLC ("Superior") (collectively "Plaintiffs") initiated this suit against Defendant Mauro Zelaya ("Zelaya"), asserting one claim of Breach of Guaranty.  Doc. No. 1.  In sum, this case concerns Zelaya's alleged failure to pay Plaintiffs money due for pool supplies and goods that Zelaya's company, D & J Pool

Prep Corp f/k/a D & J Pool Prep LLC ("D & J Pool"), received and retained from Plaintiffs. *Id.* ¶ 1.

Specifically, on February 5, 2021, D & J Pool entered into a Business Application and Agreement ("Agreement") with Plaintiffs, wherein D & J Pool could order pool supply equipment on credit and make periodic payments. *Id.* ¶ 11; *see also* Doc. No. 1-1 (copy of Agreement). As part of the Agreement, Zelaya executed a Personal Guaranty Agreement ("Guaranty"), personally guaranteeing any amounts due to Plaintiffs by D & J Pool, to include legal fees and costs, and agreeing that in the event of D & J Pool's default, Plaintiffs could proceed directly against him to collect sums due. *Id.* ¶¶ 12–14; Doc. No. 1-1, at 1.

Plaintiffs sold and delivered materials to D & J Pool under the Agreement, but D & J Pool defaulted by failing to pay. Doc. No. 1 ¶¶ 16–17. D & J Pool filed for Chapter 11 bankruptcy on June 11, 2024. *Id.* ¶ 3. On June 25, 2024, Plaintiffs sent notice to Zelaya regarding the amounts due and owing and demanded payment pursuant to the Guaranty. *Id.* ¶ 19; *see also* Doc. No. 1-2 (copy of demand letter). As of July 18, 2024, the total amount owed was $96,762.64. Doc. No. 1 ¶ 20. Zelaya has failed and/or refused to remit the balance due. *Id.* ¶ 26.

Zelaya was served with a copy of the summons and complaint on August 7, 2024. Doc. No. 11. Zelaya did not timely appear or respond. However, on November 1, 2024, Zelaya filed, *pro se*, a motion for extension of time. Doc. No. 13.

The undersigned denied that motion without prejudice for failure to comply with the Local Rules and failure to specify what deadlines Zelaya was seeking to extend. Doc. No. 14. On November 14, 2024, Zelaya filed another unsigned motion for extension, which again was denied without prejudice for failure to comply with the Local Rules and for failure to demonstrate excusable neglect in seeking an extension of time to respond to the complaint. Doc. Nos. 18–19. Zelaya did not again renew the request.

On November 19, 2024, Plaintiffs filed a motion for Clerk's default based on Zelaya's failure to timely respond to the complaint. Doc. No. 20. Zelaya did not respond, and has made no further filings in this case to date. Accordingly, the undersigned granted the motion for Clerk's default as unopposed, and default was entered against Zelaya on December 10, 2024. Doc. Nos. 21, 22. Now, Plaintiffs move for default judgment. Doc. No. 23.

## II.  STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b).

Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1]

If the plaintiff is entitled to default judgment, then the Court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*,

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

**III.   ANALYSIS.**

Upon consideration of the complaint (Doc. No. 1), and Plaintiffs' motion (Doc. No. 23), it appears that Plaintiffs have adequately established that default judgment would be appropriate on liability for the claim of breach of guaranty against Zelaya.  *See generally Ecp Station I LLC v. Chandy*, No. 8:15-cv-2523-T-JSS, 2016 WL 3883028, at *3 (M.D. Fla. June 29, 2016) ("[A] breach of guaranty claim is akin to a breach of contract claim under which the guarantor is alleged to have breached its promise by failing to pay the debt of another on the default of the person primarily liable for payment." (citing *New Holland, Inc. v. Trunk*, 579 So. 2d 215, 217 (Fla. Dist. Ct. App. 1991); *Swan Landing Dev., LLC v. Fla. Capital Bank, N.A.*, 19 So. 3d 1068, 1072 (Fla. Dist. Ct. App. 2009))).   That said, Plaintiffs fail to adequately brief and support the relief sought.

Specifically, Plaintiffs seek to recover the outstanding balance on the contract, plus interest.  Doc. No. 23, at 4.  Plaintiffs state, however, that since filing the complaint, they have received an unspecified amount of funds from D & J Pool in the bankruptcy proceedings, and the amount they seek to collect now has been updated accordingly.  *Id.* at 9 n.1.   Plaintiffs say that the principal amount owed

as of January 10, 2025 was $92,729.40, to include interest. *Id.* at 9; Doc. Nos. 1, 1-2. Plaintiffs provide the following calculations:

**SUPERIOR POOL PRODUCTS - 224094**

Principal: $65,690.99

Interest (to 12/31/24): $7,623.30

Daily Interest (1/1/25 - 1/10/25) $320.40

**Total: $73,634.69**

**Interest continues to accrue on this account at a rate of $32.40 per diem.**

**SCP DISTRIBUTORS – 250896**

Principal: $14,481.37

Interest (to 12/31/24): $1,303.69

Daily Interest (1/1/25 - 1/10/25): $70.14

**Total: $15,855.20**

**Interest continues to accrue on this account at a rate of $7.14 per diem.**

**SCP DISTRIBUTORS - 291997**

Principal: $3,239.51

**Total: $3,239.51**

*Id.* at 9–10. Plaintiffs submit a Declaration in support from Cindy Baker, the Collections and Asset Recovery Senior Division at Pool Corp., Plaintiffs' parent company, stating the same, without further explanation. Doc. No. 23-1 ¶ 16.

Based thereon, Plaintiffs seek a judgment in the amount of $92,729.40, plus additional prejudgment interest accruing between January 13, 2025 and the date of the judgment. Doc. No. 23, at 11.

Upon review, the Court finds Plaintiffs' submissions insufficient. For one, Plaintiffs provide no amount nor corroboration for any amounts received from D & J Pool, either in the motion or supporting evidence, nor do Plaintiffs explain where those figures were deducted in their calculations. For another, besides conclusory assertions as to the principal amount due by way of the motion and supporting declaration, Plaintiffs provide no supporting explanation or evidence, such as what appear to be separate invoices for the total amounts due, or any explanation as to the amounts outstanding for each transaction. Moreover, Plaintiffs do not provide a sufficient explanation as how the prejudgment interest was calculated for each separate transaction. *See* Doc. No. 23.

Even on default judgment, conclusory assertions and evidence as to the amount of damages suffered is insufficient. *See, e.g.*, *Almeira v. GB House, LLC*, No. 8:14-cv-00045-T-27AEP, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014) ("Conclusory affidavits are insufficient to establish the amount of damages upon default judgment."); *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008) ("The Court will not rubber stamp damages figures whose origins, meaning, and constituent parts are

indeterminate and unexplained. It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . ."); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1293 (S.D. Ala. 2010) ("Presumably, it would be a simple matter for plaintiff to produce a ledger or other backup documentation showing the due dates and amounts of the delinquent payments, and to provide testimony in declaration form explaining how the late fees and future payment amounts were computed and demonstrating the factual and contractual basis for each. But plaintiff has not done so, instead asking the Court to accept on faith that the bare, unadorned payment and late fee numbers presented in the [] Declaration are accurate.").

Plaintiffs also seek to establish entitlement to attorney's fees and expenses. Doc. No. 23, at 1, 10–11. But the request, assuming it is properly considered at this juncture, does not comply with Local Rule 7.01(b)(2). *Id.*

Finally, in the prayer for relief, Plaintiffs request that the Court order Zelaya "to complete, under oath, Form 1.977, Florida Rules of Civil Procedure, Fact Information Sheets and return those to counsel within forty-five days." *Id.* at 11. This request is not otherwise discussed in Plaintiffs' motion, and Plaintiffs provide citation to no legal authority in support of the request. *Id.*

The Court will permit Plaintiffs to file a renewed motion, addressing each of these identified deficiencies.

## IV. CONCLUSION.

For the reasons discussed herein, Plaintiffs' Motion for Entry of Final Default Judgment and Incorporated Memorandum of Law (Doc. No. 23) is **DENIED without prejudice**. Plaintiffs shall file a renewed motion within **thirty (30) days** of this Order establishing entitlement to default judgment and addressing each of the issues outlined in this Order by citation to legal authority and the record, as well as by attachment of supporting evidence. Failure to support the requested damages by citation to adequate evidence in support may result in a recommendation that the Court deny the request. The renewed motion must be a stand-alone document, must address all other issues relevant to default judgment (including liability), and may not incorporate by reference the prior motion. *See* Local Rule 3.01(f). Upon receipt of the renewed briefing, the Court will take the motion under advisement and schedule further proceedings, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties