UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCP DISTRIBUTORS LLC and
SUPERIOR POOL PRODUCTS LLC,

      Plaintiffs,

v.                                                Case No:   6:24-cv-1413-CEM-LHP

MAURO ZELAYA,

      Defendant

## ORDER

Before the Court is Plaintiffs' Renewed Motion for Entry of Final Default Judgment. Doc. No. 25. The Court denied without prejudice a previous version of this motion for failure to adequately brief the issue of damages. *See* Doc. Nos. 23–24. Upon review of the renewed filing, the Court will require supplemental briefing from Plaintiffs regarding same.

As set forth in the record, Defendant Mauro Zelaya is the principal of a company, D & J Pool Prep Corp f/k/a D & J Pool Prep LLC ("D & J Pool"), which company contracted with Plaintiffs for the purchase of pool supplies, with Zelaya executing a guaranty therefor. Both D & J Pool and Zelaya failed to pay, but D & J Pool filed for Chapter 11 bankruptcy. So, Plaintiffs sue Zelaya for breach of the

guaranty, seeking recovery of the sums due under the contract, to include interest and attorneys' fees. *See* Doc. No. 1.

By the present motion, it appears that Plaintiffs have again adequately established that default judgment would be appropriate on liability. Doc. Nos. 1, 25; *see also* Doc. No. 24. However, as it relates to damages, Plaintiffs have not demonstrated that damages are reducible to a sum certain at this time.

Specifically, the complaint contains one claim for a breach of a guaranty, and Plaintiffs seek to recover the outstanding balance due from Zelaya, plus interest. Doc. Nos. 1, 25. At the time of the complaint's filing, the outstanding balance due was $96,762.64, plus interest and attorneys' fees. Doc. No. 1, at 6. But since the filing of the complaint, Plaintiffs have received several payments from D & J Pool in conjunction with the bankruptcy proceedings, with the confirmed Chapter 11 plan for D & J Pool providing for periodic payments to Plaintiffs. *See* Doc. No. 25, at 5; *see also In re D & J Pool Prep Corp*, 6:24-bk-02922-TPG. According to the motion for default judgment, some of those payments have occurred as recently as July 8 and July 17, 2025, shortly before the present motion's filing on July 18, 2025. Doc. No. 25, at 11. Now, the outstanding balance due is only $51,351.93, exclusive of additional interest and attorneys' fees. *Id.* at 12.

A review of the bankruptcy case docket demonstrates that D & J Pool made a payment of $15,000.00 and was then to make a payment of $23,090.83. *In re D &*

*J Pool Prep Corp*, 6:24-bk-02922-TPG, Doc. No. 130, at 2; *see also* Doc. No. 25, at 10. The docket reflects that any further payments from D & J Pool require court approval. *In re D & J Pool Prep Corp*, 6:24-bk-02922-TPG, Doc. No. 130, at 2. However, the bankruptcy docket also reflects an agreement that Zelaya would make the remaining payments due:

> *1) The Debtor and The Vendors wish to continue to conduct business with each other, and to that end, the full payment of all items deemed critical by the parties is necessary;*
>
> *2) Of the $81,801.21 balance remaining after the authorized payment of $15,000.00, the sum of $23,090.83 can in fact be paid in full by the Debtor without Court order, as these items were supplied by The Vendors to Debtor within 20 days of the filing of the bankruptcy petition, and thus can be paid in full on the effective date of the Plan as administrative expenses under section 503(b)(9) of the Code;*
>
> *3) The payment of the balance due of $58,710.33, or any part thereof (after the application of the $23,090.83 payment) cannot be made by the Debtor without Court order;*
>
> *4) The balance due of $58,710.33 will be paid by Mauro Zelaya, the owner of the Debtor, under the same payment terms as set forth in the Debtor's Amended Motion For Authority To Pay Pre-Petition Claims of Critical Vendors, SCP Distributors LLC and Superior Pool Products LLC (DE 89) at page 11: ten (10) monthly payments of $5,871.03, commencing one month after the effective date of the Plan; and*
>
> *5) The parties acknowledge that the payment proposal to The Vendors is neither included in, or required by, the proposed Plan, but is set forth as an assurance to The Vendors that they will be paid in full.*

*Id*. And Plaintiffs' motion for default judgment sets forth several payments reducing the damages in the amount of $5,871.03, the amount that Zelaya should

be paying under the payment plan as documented in the bankruptcy proceedings. *See* Doc. No. 25, at 10–11.

Given that Plaintiffs appear to be continuing to receive payments from Zelaya under the payment plan made during the bankruptcy proceedings (and/or from D & J Pool), it is not clear to the Court, nor do Plaintiffs adequately explain, how a judgment may be entered against Zelaya in the amount requested at this time, particularly where it is unclear whether Plaintiffs have continued to receive additional payments during the pendency of this motion.  Accordingly, the Court will require Plaintiffs to submit supplemental briefing on this issue.

It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiffs shall file supplemental briefing in support of their motion for default judgment (Doc. No. 25) as set forth herein.  Said supplemental briefing shall not exceed **ten (10) pages** in length.  Plaintiffs shall specifically address, <u>by citation to evidence and legal authority</u>: (1) whether default judgment is proper given that Plaintiffs appear to have entered into an agreement to resolve the damages at issue in this case; (2) how damages can be reduced to a sum certain at this time given D & J's payments to Plaintiffs and Zelaya's payment plan; (3) whether Plaintiffs have received additional payments during the pendency of the motion reducing the amount Plaintiffs claim to be owed in this case; and (4) any other information Plaintiffs believe relevant to the Court's resolution of the issue of damages.

If Plaintiffs believe that this matter should be stayed pending the completion of Zelaya's payment plan, they of course may file a separate properly supported motion seeking such relief.

**DONE** and **ORDERED** in Orlando, Florida on October 10, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties