UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCP DISTRIBUTORS LLC,   a
foreign limited liability company,
and SUPERIOR POOL PRODUCTS
LLC, a foreign limited liability
company,

      Plaintiffs,                              CASE NO.: 6:24-cv-1413

v.


MAURO ANTONIO ZELAYA,
an individual,

      Defendant.
_____/

**MOTION TO STAY CASE**

Plaintiffs, SCP Distributors LLC, and Superior Pool Products LLC,

("Plaintiffs"), by and through the undersigned counsel, moves this Court for an order

staying this case to and through January 15, 2026. In support thereof, the Plaintiffs

state as follows:

**Introduction and Summary**

1.     Plaintiffs are seeking a stay in this action, as the debt owed by Defendant,

Mauro Antonio Zelaya ("Zelaya" or "Defendant"), based on his personal

guaranty of product supplied to his company, D&J Pool Prep Corp ("D&J"), is

currently being repaid on a payment plan with Defendant and D&J in

connection with D&J's bankruptcy case.  Thus, Plaintiffs seek a stay of this action until January, 2026, in which such time the debt owed by Defendant should be fully repaid.

**Procedural and Factual History**

2.      On or about August 1, 2024, Plaintiffs filed their Complaint for Breach of Guaranty, and Replevin (the "Complaint") (Doc. No. 1).

3.      On or about August 9, 2024, Plaintiffs filed their notice of executed service on the Defendant (Doc. No. 11), certifying that on August 7, 2024, copies of the Complaint and Summons were served on Defendant.

4.      Although Defendant appeared in this action, *pro se*, on October 30, 2024, requesting additional time to respond, the Court entered an Order Denying his Request for Additional Time. (Doc. No. 13).

5.      Plaintiffs filed a Renewed Motion for Entry of Clerk's Default against Zelaya on November 19, 2024. (Doc. No. 20).

6.      The Court entered an Order Granting Plaintiffs' Motion for Entry of Clerk's Default on December 9, 2024. (Doc. No. 21).

7.      The Court entered a Clerk's Default against the Defendant on December 10, 2024. (Doc. No. 22).

8.      Plaintiffs filed a Renewed Motion for Entry of Final Default Judgment on July 18, 2025 (Doc. No. 25).

9.     The Court entered an Order on October 10, 2025, advising Plaintiffs to either file a supplemental briefing or seek a stay, as set for.

10.     The debt owed to Plaintiffs is based on Defendant's personal guaranty for the payment product supplied to his company, D&J. D&J filed for bankruptcy, in the Bankruptcy Court for the Middle District of Florida, in that certain case styled *In re: D&J Pool Prep Corp*, 6:24-bk-02922 (the "Bankruptcy Case"). In the Bankruptcy Case, pursuant to plan of reorganization (the "Plan"), Plaintiffs, Debtor, and Zelaya entered into a repayment agreement, whereby Plaintiffs received two initial separate payments of $15,000.00 and $23,090.83. *See Notice of Filing First Modification to Plan of Reorganization*, Doc. No. 130, attached hereto as **Exhibit A**.  Plaintiffs, D&J, and Defendant further agreed that the remaining balance of $58,710.33 due and owing to Plaintiffs would be paid by Defendant in ten (10) monthly payments of $5,871.03, commencing one month after the effective date of the Plan. *Id.*

11.     The Plan was confirmed on February 13, 2025.

12.     The effective date of the Plan was March 15, 2025.

## Law and Argument

13.     To date, Defendant and D&J have made the payments required pursuant to the Plan.

14.     Under the Plan, the last payment should be made on or before January 15, 2026, at which time Plaintiffs shall be repaid in full.

15.     Accordingly, the Plaintiffs request a stay of this action, including all pending deadlines, to and through January 30, 2026, so that the payments pursuant to the Plan may be made.

16.     Upon Defendant's completion of all the payments required by the Plan, Plaintiffs will file a Notice of Voluntary Dismissal.

17.     Plaintiffs further request that, should the payments not be received in accordance with the Plan, they be permitted to file a Motion to Reopen this case and file a Renewed Motion for Entry of Final Default Judgment.

18.     A trial court may stay proceedings as part of its inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, its counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

19.     In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Brent v. Source Interlink Distrib., LLC*, No. 2:14-cv-52-FtM-38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014); *Alps S., LLC v. The Ohio Williow Wood Co.*, No. 8:09-cv-00386-T-EAK-MAP, 2010 WL 2465176, at *1 (M.D. Fla. June 16, 2010) (citations omitted).

20.     Plaintiffs make this request in good faith and not to unduly delay the proceedings.  The granting of this Motion will not prejudice any of the Parties to this action, as no trial is currently scheduled and Defendant has already been defaulted. A

stay would reduce the burden of litigation on all parties and this Court, and permit the Plan to proceed. Plaintiffs have attempted to confer with Defendant, but as of the date of the filing of this Motion, have yet to receive a response regarding his position on the Motion.

WHEREFORE, Plaintiff requests that the Court grant this Motion and enter an order a) providing a stay of the case including a stay of all pending deadlines and requirements to and through January 30, 2026; b) retain jurisdiction of this matter and permit Plaintiffs to file a Renewed Motion for Entry of Final Default Judgment should Plaintiffs not receive full and complete pursuant to the Plan, and c) for all other relief just and proper.

**DATED: October 24, 2025**

                                        **ADAMS AND REESE LLP**

                                        By:/s/ Angela N. Grewal
                                             Angela N. Grewal
                                             Florida Bar No. 105429
                                             angela.grewal@arlaw.com
                                             jessica.bowers@arlaw.com
                                             501 Riverside Avenue, Suite 601
                                             Jacksonville, FL 32202
                                             (904) 355-1700
                                             *Attorney for Plaintiffs, SCP Distributors LLC
                                             and Superior Pool Products LLC*

## Local Rule 3.01(g) Certification

For purposes of complying with the conferral requirements set forth in Local Rule 3.01(g), Plaintiffs' counsel conferred with Defendant Zelaya by e-mail dated October 23, 2025, who has yet to respond to the e-mail.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2025, the foregoing Motion to Stay was filed through the CM-ECF system and a copy will be sent via U.S. Mail to Defendant, Mauro A. Zelaya, 2314 Enfield Court, Orlando, FL 32837 and via e-mail at Zelayamauro@yahoo.com.

*/s/ Angela N. Grewal*
Angela N. Grewal

6